WILLIAM PHILLIPS, ET AL. *v.* JOHN CARROLL.

[Abstract Kentucky Law Reporter, Vol. 5—599, 605.]

**Title by Adverse Possession.**

Where one enters as the tenant of another and the land is assessed as the property of the heirs of such landlord for a number of years after his death, such a tenant can not be allowed to secure title under such possession, for his possession is not adverse.

APPEAL FROM OWEN CIRCUIT COURT.

January 17, 1884.

OPINION BY JUDGE PRYOR:

The attention of the court has not been called to any authority

where the chancellor will lend his aid in favor of a party whose only claim of title is an adverse possession, in requiring those invested with the legal title to surrender it. The party who claims in this case to have acquired title by possession alone, adverse to all others, is attempting to maintain a bill quia timet against those invested with the title. Those holding the legal title file an answer in which they assert their claim to the land and ask that it be restored to them. The bill is attempted to be maintained upon the ground that the half-brother of the plaintiff made him a parol gift of the land many years prior to the bringing of the action to quiet the title, while the defendants say that their ancestor, who was the half-brother of the plaintiff, permitted him to occupy the premises as a tenant only, and that since the death of their father they have suffered the plaintiff to remain in the possession as their tenant, and for the reason that he had no other home.

The possession of the plaintiff for more than twenty years is clearly shown, and in the absence of any proof by the appellants would entitle him to retain the possession in his own right. The appellants show by their testimony a state of case that throws much doubt on the character of the holding by the appellee; and while it may be difficult to determine on which side the evidence preponderates when looking to the oral proof, the books of the assessor would indicate that the appellee had recognized this land as belonging to Phillips' heirs for many years and up to within ten years of the institution of this action. It was listed as belonging to or as the property of Phillips' heirs, and this fact seems not to have been satisfactorily explained by the appellee on the trial below. He was certainly incompetent as a witness to establish the gift. He could not bring the action and then base his recovery on his testimony as to what occurred between him and the ancestor of the appellants. If he entered as purchaser by means of the $100 paid his half-brother or by reason of an indebtedness to him by his half-brother of that sum, that fact must be established by some other testimony than his own.

The court below dismissed the petition of the plaintiff as well as the cross-petition of the defendants, refusing by the judgment to give relief to either party. We are inclined to the opinion from the facts of the record that the appellants are entitled to recover on their counterclaim; but as the court below doubtless dismissed the

petition for want of equity in the petition without an examination of the testimony on either side, it is but just to the parties 'that the case should be heard on the merits in the court below. The appellants, having been brought into court by the appellee, had the right to assert their claim to the land, and on this pleading the question arises as to which of the parties is the real owner. As the case stands the judgment would be a bar to any future litigation by the appellants in reference to the same subject-matter. The judgment below is therefore *reversed* and cause remanded with directions to allow either party to take additional proof or to file amended pleadings if proper. The court will pass on the merits. The entire judgment for plaintiff and defendants is *reversed* and at the costs of the appellee.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Hallam & Gordon, for appellants.*

*Evans E. Settle, for appellee.*